**POPPAS v NEW BOSTON (village) et**

Ohio Appeals, 4th Dist, Scioto Co

Decided June 6, 1932

Joseph T. Micklethwait, Portsmouth, and Ernest G. Littleton, for plaintiff in error.

Chester P. Fitch, Columbus, and William J. Meyer, Portsmouth, and William A. Adams, for defendants in error.

MAUCK, PJ.

It is to be observed that the negligence complained of was not a direct, physical defect in the sidewalk but that a sidewalk which was itself in a proper condition was rendered unsafe by its proximity to a pitfall which in the language of the petition was "directly encroaching on the sidewalk" but which according to the evidence was several inches from the sidewalk. It is further to be observed that the defense was two fold. The defendants denied primary negli-

gence and pleaded contributory negligence, and a general verdict for the defendants can not be disturbed under the two issue rule unless it be shown that error intervened on both these issues.

The first complaint is that while the court at the instance of the plaintiff gave a correct charge upon the liability of the defendants in writing before argument that charge was subsequently modified in the general charge by laying down a different and incorrect rule of liability. The charge given before argument was as follows:

"Members of the jury, you are instructed that if you find from the evidence that the alleged condition on the defendant Conley's premises was so near the sidewalk as to render the sidewalk itself dangerous for travel in the ordinary mode, that it was the duty of both the defendant Conley and the Village of New Boston upon notice of said condition to see that travelers thereon were warned or protected, and they are jointly liable for the damages resulting from the omission of this duty."

This instruction was predicated upon what was said by Davis, J., in **Village of Gilbow, 81 Oh St, 263, at page 277**, and if the instruction had contained the word "proximately" before the word "resulting" it would have been an accurate instruction upon the point sought to be covered so far as it goes.

The general instruction, so far as complained of, was that the true test for the jurors to apply was not the distance from the sidewalk of the dangerous place that plaintiff complained of, but that the test was "whether a traveller in passing along the sidewalk and exercising ordinary care would be subjected to such imminent danger that it would require a barrier or warning of some nature to make that sidewalk safe."

The claim of the plaintiff in error now is that this rule is in conflict with the correct rule sought to be laid down in the special instruction above quoted. This conclusion is reached by assuming that the Gilbow case lays down two rules of liability, one for a case where a barrier is found necessary to protect a dangerous place abutting on a sidewalk and another and different rule where some other sort of warning might be a sufficient protection to the pedestrian. We do not find any such distinction made in the Gilbow case nor that one could be made in the case at bar. Judge Davis in the Gilbow case was discussing the law in a case where a barrier would seem to be the only practical protection that could be af-

forded a traveller if one were required, and that would seem to be as true of the case at bar as of the Gilbow case. But while Judge Davis was illustrating his point by a reference to barriers he in no way indicated that the rule was any different in a situation calling for barriers than it was in a case where some other sort of protection might be effective.

It may be granted that the principle sought to be expressed in the special instruction given in this case accurately defined the duties of the defendant. It did not, however, fully define the liability of the defendants to the plaintiff because it did not explain what was meant when it made reference to the sidewalk being "dangerous for travel in the ordinary mode." The general charge did no more than clarify that obscurity. It did so by saying that the test was whether the pedestrian exercising ordinary care would be subjected by his use of the sidewalk to such imminent danger that it would require a barrier or other warning to make the sidewalk safe, and that it was not of consequence whether that peril was located a great or a less distance from the sidewalk itself. The instruction was quite correct. The prevailing conditions might be such as to require a watchman or they might require a barrier or they might require a red light. Nothing was required, however, if the pedestrian using the sidewalk in an ordinarily prudent manner would not be subjected to imminent danger.

No error having intervened on the issue made with regard to the primary negligence of the defendants it is unnecessary to examine the record with the view of ascertaining whether other issues were properly submitted. **Knisely v Community Traction Co., 125 Oh St, 131.**

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.